SOREN PETERSEN et al., Appellants, v. BOARD OF SUPERVISORS CERRO GORDO COUNTY et al., Appellees.

No. 39201.

JUNE 24, 1929.

*F. A. Ontjes* and *D. H. Fitzpatrick,* for appellants.

*W. A. Westfall* and *William H. Ramsey,* for appellees.

FAVILLE, J.—Drainage District No. 79 was established in Cerro Gordo County in 1920. It includes a total of 763 acres. The appellant is the owner of 160 acres, comprising the northwest quarter of Section 30, Township 94 north, Range 21 west. The total cost of the construction of said improvement was $33,515.18. The four quarters comprising the appellant's land were assessed a total amount of $6,667.15. Of this amount $1,726.16 was assessed as a direct tax,—that is to say, for direct benefits derived from the construction of the improvement. $4,940.99 was the general district assessment against appellant's land. The improvement was constructed wholly of tile. The only question involved in the case is with regard to the amount of the assessment which was levied against each of the forties of appellant's land. No question is raised with regard to the legality of the proceedings had, nor the fact that each forty of the appellant's land is subject to an assessment for special benefits. The assessment as spread against the appellant's property was as follows:

|                      | District Benefit | Direct Benefit |
| -------------------- | ---------------- | -------------- |
| Northwest quarter    | $2,028.95        | $610.50        |
| Southwest quarter    | 1,848.64         | 541.13         |
| Northeast quarter    | 1,500.33         | 480.18         |
| Southeast quarter    | 1,289.03         | 94.35          |

The record contains a detailed description of all of the land within the drainage district, the various elevations, the amount of swamp, wet and dry lands upon each forty, and the extent and location of the main tile and laterals used in the construction of the improvement. The commissioners appointed to assess benefits placed the assessment upon the appellant's land in the amounts above set forth. This was confirmed by the board of supervisors, and on appeal to the district court it was confirmed by said tribunal.

No new or difficult question of law is involved in this appeal. We have entertained many appeals of like character. Each case must, of necessity, be determined from its own peculiar facts. It is a rule we have often recognized, that due weight and consideration should be given to the determination of the commissioners, the board of supervisors, and the district court, in determining the amount of the assessment in such cases. But, notwithstanding that fact, the cause is triable before us *de novo,* and it is our duty to examine the record independently, and endeavor, as best we may therefrom, to determine whether or not the assessment made against the appellant's property is fair, just, and equitable, under all of the circumstances. The problem is by no means one of easy solution. The appellant's land undoubtedly received a benefit from the construction of the improvement. In a general way, this benefit was of two kinds. One was the general benefit which he derived from the establishment of the district and the construction of the improvement, which not only furnished him an outlet for the water on his farm, but also prevented surface water from other lands from flowing upon his land. He also received a direct benefit by reason of the fact that a portion of the tiling was placed directly upon his premises.

With regard to the assessment for general district benefits, while the amount assessed against appellant's land is high, an

examination of the record in the case fails to satisfy us that this general assessment is so out of proportion with the assessment for district benefits assessed against other lands in the district as to require interference on our part. Precision in a matter of this kind is absolutely impossible. The best that can be secured in any event is an approximation. No hard and fast rule has as yet been discovered by experts that can be laid down to determine with exact mathematical certainty the assessment for general benefits that should be made against any specific tract of land in a drainage district. There has been no such sufficient and definite basis furnished us that we would feel warranted in disturbing the assessment as made against the land of the appellant for the general district benefit.

With regard to the direct benefits assessed against each of the four 40-acre tracts belonging to the appellant, a very difficult and perplexing question confronts us. Before the establishment of the drainage district, the appellant had constructed a private tile drain system upon his land. In a general way, said system began with an 8-inch tile near the south line of the southwest 40 acres of appellant's land. This line of tile, it appears, was properly laid, and was from 3½ to 4 feet deep. It ran in a general northerly direction across the southwest forty of appellant's land, and then east through appellant's land, the size being increased from an 8-inch to a 10-inch tile, and finally a 12-inch tile, and then ran across the adjacent lands, and discharged into a drainage district known in the record as Drainage District No. 31. Numerous laterals had been constructed on appellant's land connected with this tile, most, if not all, of which appear to have been of 5-inch tile. Almost parallel with the drain tile just described appellant had laid a 12-inch cement tile, which also started from the south side of the southwest forty of appellant's land, and proceeded northward and then eastward across the appellant's land, emptying into the 12-inch tile of the other improvement just described. This tile varied in depth from 3½ to 5 feet. Beside this tile and the laterals connected therewith, the northeast forty of appellant's land had been tiled out with 5 and 6-inch tile, which ran in a general northeasterly direction, and emptied into the ditch of Drainage District No. 31. There was also some private tile in the southeast corner of the southeast forty of appellant's land, which discharged to the north

and east. The outlets to these systems of tile were not perfect, and were, to an extent, submerged. The tile constructed by the improvement also ran north, parallel with the two main strings of tile that had been laid by the appellant on his premises, and followed them generally, except that the said tile was carried considerably farther east, practically across three 40-acre tracts lying east of appellant's property, and furnishing a better outlet. In some instances, this tile crossed the line of the appellant's tile. It drained, in a large measure, the same land that had been drained by appellant's private improvements, although it furnished a substantially better outlet. The record quite satisfactorily shows that the northwest forty of appellant's land, prior to the construction of the improvement in question, and after the appellant's private improvement, had all been in crop every year, and was all tillable land. The same is substantially true of the southwest 40-acre tract. The east half of the two east 40-acre tracts of appellant's land was in pasture. The remaining portion was in crop. It appears that, notwithstanding the construction of the private tile by appellant, the improvement had been unable to adequately drain appellant's farm, and that there were six or seven acres near the center of the farm where the surface water gathered from the adjacent land, and often remained for twenty-four hours or more before the tile drain could dispose of it. This frequently resulted in the destruction of the crop on this portion of appellant's land, so that it required replanting. The same was true of a portion of the southwest 40 acres of appellant's land. It appears that the adjacent lands were higher than the central portion of appellant's tract, and that the surface water flowed to said place and accumulated there in times of heavy rain. The construction of the improvement has materially benefited appellant's land in this regard. Appellant should be assessed a direct benefit upon each 40-acre tract for the construction of the main tile or laterals through said tract. We are persuaded, however, from an examination of the record, that the commissioners did not give the appellant sufficient credit for the condition of appellant's land because of the existing improvement.

We appreciate the fact that any reduction in the assessment is necessarily difficult of perfect and accurate ascertainment, but we are persuaded that a substantial reduction for the direct bene-

fits assessed against appellant's land should be made. The assessment of $610.50 against the northwest quarter of the northwest quarter of appellant's land for direct benefit will be reduced to $300; the assessment of $541.13 against the southwest quarter of the northwest quarter of appellant's land for direct benefit will be reduced to $150; the assessment of $480.18 against the northeast quarter of the northeast quarter of appellant's land for direct benefit will be reduced to $190. In all other respects, the assessment against appellant's land as fixed by the district court will be affirmed.—*Modified and affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, MORLING, and KINDIG, JJ., concur.

EVANS, J., not participating.